O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN M. PITTS, | ) | Case No. EDCV 08-338-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the | ) | |
| Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Kathleen Marie Pitts seeks judicial review of the Commissioner's final decision denying her application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. 42 U.S.C. § 1381 *et seq*. For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is affirmed.

I.   **Background**

Plaintiff was born on June 26, 1956. (Administrative Record ("AR") at 33). She is a high school graduate, with no additional formal educational or vocational training. (AR at 163). Plaintiff was previously employed as a stock clerk. (Id.). Plaintiff filed an

application for SSI benefits on November 28, 2005,[1] alleging that she has been disabled since October 21, 2005, as a result of degenerative back pain and affective mood disorder. (AR at 33-34).

Plaintiff's application was denied initially on May 12, 2006 and upon reconsideration on January 26, 2007. (AR at 49-53, 41-45).  An administrative hearing was held on November 8, 2007, before ALJ David M. Ganly at which Plaintiff was  represented by attorney Bill LaTour. (AR at 39-40, 215-233).  Plaintiff testified at the hearing (AR at 228-230), as did Vocational Expert ("VE") Joseph M. Mooney (AR at 228, 231-233), and Medical Expert ("ME") Dr. Joseph Malancharovil (AR at 224-226).

On December 8, 2007, ALJ Ganly denied Plaintiff's application for benefits. (AR at 6-21).  The ALJ found that the Plaintiff had not engaged in substantial gainful activity during the period at issue. (AR at 11).  The ALJ further found that, pursuant to 20 C.F.R. 416.920(c), the medical evidence established that Plaintiff suffered from the following severe impairments: arthritis, bilateral foot fungus, mood disorder not otherwise specified, borderline intellectual deficiencies, and psychophysiological reactions. (Id.).  However, the ALJ concluded that Plaintiff's impairments did not meet, or were not medically equal

---

[1] Plaintiff has filed multiple prior applications for SSI benefits (AR at 9).  On February 13, 2002, Plaintiff filed an application for SSI benefits, which was denied initially, upon reconsideration, and in an ALJ decision dated February 26, 2004.  After the Appeals Counsel denied Plaintiff's request for review, Plaintiff timely filed a civil action for judicial review in this Court. *Pitts v. Barnhart*, Case No. EDCV 04-01247-MLG.  The Commissioner's final decision was upheld by this Court on June 30, 2005.  On March 2, 2004, Plaintiff filed an application for SSI benefits, which was denied initially, upon reconsideration, and in an ALJ decision dated October 20, 2005.  After the Appeals Counsel denied Plaintiff's request for review, Plaintiff timely filed a civil action for judicial review in this Court. *Pitts v. Astrue*, Case No. EDCV 06-0400-MLG.  The Commissioner's final decision was upheld by this Court on March 20, 2007.

to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (AR at 12).  The ALJ also determined that the allegations made by Plaintiff and her daughter Diana Marie Pitts,[2] regarding the degree of Plaintiff's functional limitations and excessive pain, were not credible. (AR at 19-20).  The ALJ found that Plaintiff retained the "residual functional capacity to perform medium work except she is limited [in] frequent postural activities and she is limited to simple repetitive, 4-step, habituated tasks with no rapid pace assembly work and mostly verbal instructions." (AR at 12).

The ALJ further determined that Plaintiff's past relevant work experience as a stock clerk was unskilled and ordinarily performed at the light exertional level. (AR at 20). The ALJ concluded that Plaintiff's impairments prevent her from performing her past relevant work. (Id.).  However, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform (20 C.F.R. 416.960(c), 416.966), such as cleaner, laundry worker and fabric folder. (AR at 20-21).  Thus, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920(f).

On February 14, 2008, the Appeals Council denied review (AR at 2-4, 5) and Plaintiff timely commenced this action for judicial review.  On December 1, 2008, the parties filed a Joint Stipulation ("Joint Stp.") of disputed facts and issues.  Plaintiff contends that the ALJ erred by: (1) failing to properly consider the mental status examination by Plaintiff's treating psychologist; (2) failing to properly consider the testimony of Plaintiff's daughter; (3) failing to pose a complete hypothetical question to the VE; and (4) finding that Plaintiff's

---

[2] Diana Marie Pitts submitted a "Function Report - Adult - Third Party" form to the Social Security Administration, on behalf of Plaintiff, on December 24, 2005. (AR at 75-82).

1  testimony was not entirely credible. (Joint Stp. at 2-3).  Plaintiff

2  seeks reversal of the Commissioner's denial of her application and

3  payment of benefits or, in the alternative, remand for a new

4  administrative hearing. (Joint Stp. at 17).  The Commissioner requests

5  that the ALJ's decision be affirmed. (Joint Stp. at 18).

6

7  **II.  <u>Standard of Review</u>**

8        Under 42 U.S.C. § 405(g), a district court may review the

9  Commissioner's decision to deny benefits.  The Commissioner's or ALJ's

10 decision must be upheld unless "the ALJ's findings are based on legal

11 error or are not supported by substantial evidence in the record as a

12 whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v.

13 Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means

14 such evidence as a reasonable person might accept as adequate to support

15 a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark

16 v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a

17 scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*,

18 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial

19 evidence supports a finding, the reviewing court "must review the

20 administrative record as a whole, weighing both the evidence that

21 supports and the evidence that detracts from the Commissioner's

22 conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If

23 the evidence can support either affirming or reversing the ALJ's

24 conclusion," the reviewing court "may not substitute its judgment for

25 that of the ALJ." *Robbins*, 466 F.3d at 882.

26 //

27 //

28 //

4

III.    **Discussion**

A.    **The ALJ Properly Considered Plaintiff's Relevant Mental Health Records**

Plaintiff contends that the ALJ improperly disregarded a mental status examination conducted on January 17, 2006 by Plaintiff's treating psychologist, Dr. Jon Held. (Joint Stp. at 3-4).  In that examination, Dr. Held noted that Plaintiff's speech was "rapid and circumstantial;" that she had difficulty concentrating; that her insight and judgment were poor; and that her mood was depressed. (AR at 183). Plaintiff contends that the ALJ failed to discuss this report and did not provide any specific and legitimate reasons for rejecting Dr. Held's opinion. (Joint Stp. at 3-4).

The January 17, 2006 mental status examination findings of Dr. Held did not constitute a "medical source opinion."  Rather, Dr. Held's findings were simply descriptions of his brief observations of Plaintiff's "mental status" on the particular day of the examination. (AR at 183).  In fact, Dr. Held did not make any diagnosis, but rather simply recommended that Plaintiff be referred to a medical doctor at the SWIFT/Phoenix Clinic. (AR at 181).  Consequently, the mental status examination was not a medical source opinion because it was not prepared for any of the purposes of a medical opinion as defined by the Commissioner's regulations. *See* 20 C.F.R. § 416.927(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions"). Furthermore, "medical opinions," as defined in 20 C.F.R. § 416.927(a)(2) "are the only opinions entitled to

1  controlling weight." Social Security Ruling ("SSR") 96-2p.  Therefore,
2  it was not error for the ALJ not to expressly reference Dr. Held's
3  January 17, 2006 mental status examination because it was not considered
4  a "medical opinion." *See Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th
5  Cir. 2003) (finding that the ALJ is "not required to discuss evidence
6  that is neither significant nor probative").

7       The ALJ properly assessed Dr. Held's observations in the context of
8  the entire treatment record from SWIFT/Phoenix Clinic, where Dr. Held
9  practiced (AR at 15).  The ALJ found that "treatment records from
10 SWIFT/Phoenix Clinic dated from January 2006 through September 2007
11 indicate that the claimant's symptoms were treated with psychotropic
12 medication and her condition was stable and well controlled." (Id.).
13 Further, as shown in the SWIFT/Phoenix Clinic records, Plaintiff was
14 "doing well" and "looked fine" even when she was not taking her
15 medication. (Id.)  The ALJ also relied on ME Dr. Joseph Malancharovil's
16 analysis of the entire treatment record from SWIFT/Phoenix Clinic. (AR
17 at 17).  The ALJ specifically found that Dr. Malancharovil's testimony
18 was consistent with the medical evidence of record and based on
19 objective medical evidence. (Id.).  Therefore, the mere fact that the
20 ALJ did not specifically reference Dr. Held by name or the January 17,
21 2006 report does not constitute error.  Accordingly, the Court finds
22 that this issue is without merit.

23       **B.   The ALJ Properly Considered the Testimony of Plaintiff's**
24            **Daughter**

25       Plaintiff further contends that ALJ Ganly improperly rejected lay
26 witness testimony offered by Plaintiff's daughter, Diana Marie Pitts.
27 (Joint Stip. at 7).  In a Function Report - Adult - Third Party dated
28 December 24, 2005, Plaintiff's daughter, Diana Marie Pitts, reported

that Plaintiff had significant problems in performing daily activities, such as changing her clothing, brushing her hair, cooking, cleaning, and other various activities. (AR at 75-82).  Plaintiff's daughter also stated that she believes that Plaintiff "suffers from anxiety, depression, slight schizophrenia [and] complains a lot about back and knee pain." (AR at 82).  Plaintiff's daughter further opined that Plaintiff "is not able to work due to both mental and physical illness...." (Id.).

A lay witness can provide testimony about Plaintiff's symptoms and limitations. *See Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993).  Appropriate reasons include testimony unsupported by the medical record or other evidence and inconsistent testimony. *Lewis*, 236 F.3d at 512.

The Court finds that the ALJ did in fact consider and discuss the evidence from Plaintiff's daughter. (AR at 19-20).  The ALJ specifically cited the Function Report supplied by Plaintiff's daughter, finding that the report confirmed other sources, such as statements to physicians and written responses to questions about her daily activities, which suggested that Plaintiff was "actually quite active." (AR at 19).  The ALJ noted that Plaintiff's daughter confirmed in the Function Report that Plaintiff "does all household chores, including cooks, laundry, irons, waters plants, shops, takes care of her daughter and granddaughter, and picks up her granddaughter from school, goes to church, and gets along well with others." (Id.).

1      The Court also finds that ALJ Ganly stated reasons germane to
2  Plaintiff's daughter for discrediting her testimony.  The ALJ concluded:
3      Although the claimant's testimony, and that of her daughter,
4      as to the degree of the claimant's subjective symptoms may not
5      be discredited solely on the grounds that they are unsupported
6      by objective evidence, weak objective support, as well as the
7      claimant's poor effort on testing, treatment history, work
8      history, and her activities of daily living, undermine the
9      subjective complaints of disabling symptoms. (AR at 20).
10  Thus, the ALJ properly discredited Plaintiff's daughter's testimony,
11  determining that her testimony was inconsistent with the medical
12  evidence as well as other evidence which demonstrated that Plaintiff was
13  in fact able to work. *See Lewis*, 236 F.3d at 512.  Therefore, the Court
14  finds this claim is without merit.

15      **C.**  **The ALJ Posed a Complete and Proper Hypothetical to the**
16      **Vocational Expert**

17      Plaintiff contends that the ALJ posed a legally insufficient
18  hypothetical to the VE because it did not include each of Plaintiff's
19  particular limitations and restrictions, specifically the findings of
20  the January 17, 2006 mental status examination conducted by Dr. Held, as
21  discussed above. (Joint Stp. at 10-12).  At the hearing, the ALJ posed
22  the following question to the VE:

23      Okay.  Mr. Mooney, then, first I'd like you to assume you had
24      a lady who could sit, stand or walk for up to six hours out of
25      an eight-hour day, who could lift or carry up to fifty pounds
26      occasionally, up to twenty-five pounds frequently, no other
27      physical limitations.  And then on the mental limitations I'd
28      like you to assume there that  – here we are – she would be

limited to simple tasks up to four steps habituated, she
should not be required to engage in any rapid-paced work, for
example, you know, any sort of high-speed assembly work or
anything like that.   She should be given mostly verbal
instructions.   Okay.   I believe those would be all the
limitations.   One other: assume that she's in the borderline
intellectual functioning range, that's somewhat implied by the
simple tasks, but it might add a little bit to your
definitions there.   Okay.   Given those limitations, would
there be any work that this lady could do?   I'm assuming that
the prior relevant work was not SGA? (AR at 231).

As previously discussed, the ALJ properly assessed Dr. Held's
examination within the context of all of Plaintiff's medical records
from the SWIFT/Phoenix Clinic, as well as obtained medical expert
testimony to assess these records.   Because the mental status
examination conducted on January 17, 2006 is not considered a medical
source opinion under the Commissioner's regulations, the ALJ was not
required to include the alleged mental limitations observed by Dr. Held
in the hypothetical posed to the VE.   The ALJ is not required to include
in the hypothetical to the VE limitations that he did not find to exist.
*See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("Because
the ALJ included all of the limitations that he found to exist, and
because his findings were supported by substantial evidence, the ALJ did
not err in omitting the other limitations that [Plaintiff] had claimed,
but had failed to prove."); *see also Osenbrock v. Apfel*, 240 F.3d 1157,
1164-1165 (9th Cir. 2001) ("An ALJ is free to accept or reject
restrictions in a hypothetical question that are not supported by
substantial evidence.").   Furthermore, the ALJ properly determined

9

1  Plaintiff's mental functional capacity (AR at 12) and specifically
2  incorporated his determination as to Plaintiff's mental functional
3  capacity in the hypothetical posed to the VE. (AR at 231).   Therefore,
4  the Court finds that Plaintiff's claim is without merit.

5       **D.   The ALJ Properly Considered Plaintiff's Testimony and Found**
6            **That She Was Not Fully Credible**

7       Finally, Plaintiff argues that the ALJ failed to make proper
8  credibility findings. (Joint Stp. at 13-14). Although the Court assumes
9  that Plaintiff is contending that the ALJ discredited her own testimony
10 at the administrative hearing, the Court notes that Plaintiff has not
11 stated this explicitly nor has she pointed to any particular evidence in
12 the record to support this contention.[3]

13      When deciding whether to accept the testimony of a claimant, the
14 ALJ must perform a two-step analysis.  At the first step, the claimant
15 must produce objective medical evidence of one or more impairments, and
16 show that the impairment or combination of impairments could reasonably
17 be expected to produce some degree of symptom. *Smolen v. Chater*, 80 F.3d
18 1273, 1281-82 (9th Cir. 1996) (citing *Cotton v. Bowen*, 799 F.2d 1403
19 (9th Cir. 1986)).   The claimant is not required to produce objective
20 medical evidence of the symptom itself or the severity of the symptom.
21 *Id.* at 1282 (citing *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991)
22 (en banc)).  At the second step of the analysis, the ALJ must assess the
23 credibility of the claimant's testimony regarding the severity of his

24

25 ─────────────

26      [3]  Plaintiff merely states, "In his decision, the ALJ failed to make
   proper credibility findings. [AR 6-21]."   The pages in the record to
27 which Plaintiff cites are the ALJ's notice of decision, from the first
   page to the last.  The Court admonishes Attorney Bill LaTour to provide
28 specific citations to factual evidence located in the administrative
   record in a Joint Stipulation filed in this Court.

symptoms.  If there is no affirmative evidence of malingering, the ALJ may reject the claimant's testimony only if the ALJ makes specific findings giving clear and convincing reasons for the rejection, including which testimony is not credible and what facts in the record lead to that conclusion. *Id*. at 1284 (citing *Dodrill*, 12 F.3d at 918).

The ALJ gave multiple reasons for finding that Plaintiff's subjective testimony was not entirely credible, all of which are fully supported by the record, including: (1) both Plaintiff's daughter's testimony, as well as medical reports, indicated that Plaintiff could do household chores, shop, go to church, and perform many activities of daily living; (2) the SWIFT/Phoenix Clinic treatment records demonstrated that Plaintiff's symptoms were controlled by medication; (3) Plaintiff's written statement that she took only Ibuprofen for pain, rather than prescription pain medication; (4) a consultative psychiatrist's report dated January 11, 2007 which found that Plaintiff gave "poor effort" at times on evaluation, thereby affecting the reliability of the test results; (5) the lack of any muscle atrophy or wasting commonly associated with the type of severe pain claimed by Plaintiff; (6) the fact that Plaintiff did not receive any psychiatric treatment from 2003 or 2004 through 2006; and (7) Plaintiff's poor work record, which, as the ALJ reasonably found, suggested a lack of motivation to work and a desire to seek benefits for monetary gain. (AR at 18-19, 62, 75-82, 97-108, 119, 121, 124, 171-188).

The Court finds that the ALJ made specific findings giving clear and convincing reasons for his rejection of Plaintiff's subjective testimony. *Smolen*, 80 F.3d at 1284.  The Court further finds that it was reasonable for the ALJ to rely on all of the reasons stated above, each of which is fully supported by the record, in rejecting Plaintiff's

11

subjective testimony. *See, e.g., Burch v. Barnhart*, 400 F.3d 676, 680–681 (9th Cir. 2005) (claimant's allegations of disability properly discredited where claimant was, *inter alia*, "able to care for her own personal needs, cook, clean, and shop"); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (claimant's "efforts to impede accurate testing of her limitations" by a failure to "give maximum or consistent effort" on consultative examinations is a compelling reason to discredit claimant's subjective allegations of disability); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (claimant properly discredited where his hearing testimony was "inconsistent with his own statements or actions, as well as with the medical evidence"); *Meanel v. Apfel*, 172 F.3d 1111, 1113-1114 (9th Cir. 1999) (upholding credibility analysis where claimant received "minimal, conservative treatment," despite claims of significant pain, and where claimant did not exhibit muscular atrophy or any other physical signs of incapacitation); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (in weighing claimant's credibility, the ALJ may consider a claimant's "reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains"). In sum, the Court finds that the ALJ reasonably and properly discredited Plaintiff's subjective testimony regarding the severity of her symptoms as not being wholly credible.

//

//

//

//

1    **IV.  <u>CONCLUSION</u>**

2          For the reasons stated above, it is **ORDERED** that the decision of

3    the Commissioner be affirmed and this case be dismissed with prejudice.

4

5    DATED: December 11, 2008

6                                        _____

7                                        Marc L. Goldman
                                         United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28